IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMBER FERRELL, individually and on behalf of all others similarly situated ) ) ) Plaintiff, ) ) v. ) ) ORTHOTECH, LLC., ) ) Defendants. ) | Case No. 6:25-cv-00330-JAR<br><br>**ORAL ARGUMENT REQUESTED** |

**ORTHOTECH, LLC'S MOTION TO DISMISS, STAY OR TRANSFER
PURSUANT TO THE FIRST-TO-FILE DOCTRINE
AND BRIEF IN SUPPORT**

Defendant OrthoTech, LLC ("OrthoTech") submits this Motion to Dismiss, Stay or Transfer this case pursuant to the first-to-file doctrine, and brief in support:

**INTRODUCTION**

Plaintiff is pursuing a putative nationwide class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., along with a tag-along Oklahoma state claim. The problem, however, is that Plaintiff's counsel *is already* pursuing a fundamentally identical, first-filed case against OrthoTech—in which Plaintiff is a putative class member—in the Eastern District of Michigan. *See Maniaci v. OrthoTech, LLC*, 2:25-cv-11138 (E.D. Mich.) (a true and accurate copy of the complaint is attached as Exhibit A.) Nevertheless, in an apparent effort to create undue settlement pressure on, and drive up litigation costs for, OrthoTech, Plaintiff has filed this duplicative action, hoping to distinguish this case by adding an Oklahoma state claim.

1

There is perhaps no stronger candidate for the first-to-file doctrine than this case, a duplicative second-filed case by the same counsel. Rather than risk inconsistent opinions—including, and especially, as to class certification and discovery—this Court should apply the first-to-file doctrine and dismiss or, in the alternative, stay this case or transfer this action to the Eastern District of Michigan. The presence here of a tag-along state law claim does not change the analysis. Manufacturing duplicative litigation to drive up defense costs is simply not a proper use of the overburdened courts.

## BACKGROUND

**I.    The First-Filed *Maniaci* Action**

On April 21, 2025, Plaintiff Steve Maniaci initiated a putative class action against OrthoTech captioned *Maniaci v. OrthoTech, LLC*, No. 2:25-cv-11138, in the Eastern District of Michigan. (*See* Ex. A [Maniaci FAC].) Plaintiff Maniaci alleges he received text messages from OrthoTech despite that he is registered on the national do-not-call registry. (*Id.* ¶¶ 11-13.) Plaintiff Maniaci asserts a claim under 47 U.S.C. § 227(c)(5), predicated on the FCC's do-not-call registry regulation, 47 C.F.R. § 64.1200(c)(2). (*Id.* ¶¶ 48-55.)

Plaintiff Maniaci also seeks to represent a putative nationwide class defined as:

> All persons throughout the United States (1) who did not provide their telephone number to OrthoTech, LLC d/b/a SmileSet, (2) to whom OrthoTech, LLC d/b/a SmileSet delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting OrthoTech, LLC d/b/a SmileSet goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before OrthoTech, LLC d/b/a SmileSet delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four

> years preceding the date of this complaint and through the date of class certification.

(*Id.* ¶ 19.) Plaintiff Maniaci is represented by the identical lead counsel.

## II.  Plaintiff Ferrell's Allegations

Plaintiff Ferrell initiated this action on September 15, 2025, nearly five months after the *Maniaci* case. Plaintiff Ferrell alleges that she received text messages from OrthoTech despite that she is registered on the national do-not-call registry. (*Id.* ¶¶ 17, 18.) Plaintiff Ferrell asserts a claim under 47 U.S.C. § 227(c)(5), predicated on the FCC's do-not-call registry regulation 47 C.F.R. § 64.1200(c)(2). (*Id.* ¶¶ 34-38.) Plaintiff Ferrell also asserts a tag-along claim under Oklahoma's Telephone Solicitation Act ("OTSA"). (*Id.* ¶¶ 40-43.)

Plaintiff Ferrell seeks to represent a putative nationwide class, as well as an Oklahoma state subclass, defined as follows:

> **National DNC Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Oklahoma OTSA Subclass**: All Oklahoma residents who (1) received a telemarketing text message from Defendant promoting its goods or services (2) without their prior express written consent (3) within the last two years.

(*Id.* ¶ 25.) There can be no question that Plaintiff Ferrell is pursuing a largely duplicative action, subsumed in large part by the putative class in *Maniaci* and is represented by the same counsel as in *Maniaci*. The first-to-file doctrine applies in spades.

**DISCUSSION**

**I.     Legal Standard**

The Tenth Circuit embraces "the general rule that when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982); *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) ("Our circuit has adopted the first-to-file rule as a baseline."). The purpose of this rule, which is one of "federal comity," is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Colton v. Continental Res., Inc.*, No. 22-00208-EFM, 2022 WL 17486848, at *1 (E.D. Okla. Dec. 2, 2022) (internal quotations and citation omitted).

Courts in this Circuit turn to three factors in evaluating the first-to-file doctrine: "(1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Id.* (internal quotations and citation omitted); *see also Wakaya Perfection*, 910 F.3d at 1124 ("We therefore consider not only the chronology of events but also the similarities in the parties, issues, and claims."). Once the first-to-file doctrine is found to apply, "[e]xceptions to the rule are limited, and a court should depart from the first-to-file doctrine only in ***extraordinary circumstances*** involving inequitable conduct, bad faith, anticipatory suits or forum shopping." *Colton*, 2022 WL 17486848, at *2 (internal quotations and citation omitted, emphasis added).

## II.     The First-to-File Doctrine Applies to this Duplicative Action.

### A.     The *Maniaci* Action is clearly first-filed.

The first factor is self-evidently satisfied. Plaintiff's counsel initiated the *Maniaci* Action nearly five months prior to this case. *See, e.g.*, *Bowes v. Am. Eagle Outfitters, Inc.*, No. CIV-17-1166-SLP, 2018 WL 8755505, at *2 (W.D. Okla. Sept. 28, 2018) ("Here, there is no question the Melito case is the first-filed case.").

### B.     The parties are substantially similar and the *Maniaci* case largely subsumes this case.

The similarity in parties is met here on multiple fronts—both matters are brought by the same counsel against the same defendant, with overlapping class definitions. There can be no question that this factor is satisfied. *See, e.g.*, *Chieftain Royalty Co. v. XTO Energy, Inc.*, No. CIV-11-29-FHS, 2011 WL 1533073, at *2 (E.D. Okla. Apr. 22, 2011) ("[T]he parties are similar as XTO is the lone defendant in both actions and the putative class concerning the Oklahoma wells in this case is included in the Roderick putative class, i.e., this action is a complete subset of the Roderick action.")

OrthoTech is the only defendant in both cases. Although the named plaintiffs are different, in the putative class action context, the similarity of parties is generally evaluated from the standpoint of the putative classes. *See Bowes*, 2018 WL 8755505, at *2 ("The rule has been applied in the class-action context where a putative class is a subset of the class in the first-filed action or there is substantial overlap between the classes. . . . And the rule has been applied where, as here, the class definitions of the cases differ, but the subject matter of the litigation is substantially the same.") (internal citations omitted); *Masciotra*

5

*v. Vertafore*, No. 20-cv-3603-WJM-NYW, 2021 WL 1720860, at *2 (D. Colo. Apr. 30, 2021) ("The rule has been applied in the class-action context where a putative class is a subset of the class in the first-filed action or there is substantial overlap between the classes."); *Masciotra v. Vertafore, Inc.*, No. 20-CV-3603-WJM-NYW, 2021 WL 1720860, at *2 (D. Colo. Apr. 30, 2021) ("The rule has been applied in the class-action context where a putative class is a subset of the class in the first-filed action or there is substantial overlap between the classes.").

The putative classes here plainly overlap. A side-by-side comparison of the putative nationwide classes is instructive:

| *Maniaci* | *Ferrell* |
|---|---|
| All persons throughout the United States (1) who did not provide their telephone number to OrthoTech, LLC d/b/a SmileSet, (2) to whom OrthoTech, LLC d/b/a SmileSet delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting OrthoTech, LLC d/b/a SmileSet goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before OrthoTech, LLC d/b/a SmileSet delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification. | All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial. |

While the *Maniaci* putative class is certainly wordier, the import is the same. Plaintiffs both seek to represent putative nationwide classes of persons dating back four years who

received marketing text messages from OrthoTech despite being registered on the national do-not-call registry. Perhaps most critically, Plaintiff Ferrell is unquestionably a member of the putative class in *Maniaci*. Plaintiff Ferrell is thus *already represented* in the *Maniaci* action. *See Masciotra*, 2021 WL 1720860, at *3 ("Importantly, it appears as though Plaintiff would be included in the putative class in the Allen Class Action.").

Plaintiff Ferrell may argue that her Oklahoma subclass is sufficient to defeat the first-to-file doctrine. Not so. As an initial matter, the Oklahoma subclass is just that—a subclass (*i.e.*, not the primary class). As a more substantive matter, the first-to-file doctrine requires *substantial* overlap, not *exact* overlap. *See id.* at *2; *see also Colton*, 2022 WL 17486848, at *2 ("Indeed, with regard to class actions, courts have previously observed the first-to-file rule when the first-filed class is a subset of the second-filed class.") (cleaned up); *Fink v. Merit Energy Co., LLC*, No. CV 24-2028-KHV, 2024 WL 1856317, at *3 n.4 (D. Kan. Apr. 29, 2024) ("[T]he first-filed rule does not require that the two cases involve identical parties, but instead requires similarity or substantial overlap in identities."); *Chapman v. Progressive Am. Ins. Co.*, No. 17-cv-102/MCR/CJK, 2017 WL 3124186, at *2 (N.D. Fla. July 24, 2017) ("Assuming both classes are certified according to the proposed definitions above, the Court finds there would be overlap between the classes."); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013) ("Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals.")

The *Maniaci* case is the first-filed matter and subsumes the nationwide class in this action. The two matters thus involve substantially similar parties.

### C.     The issues are substantially similar.

This factor looks to whether the issues at hand in the two cases are "substantially similar in that they seek like forms of relief and hinge on the outcome of the same legal/factual issues." *Colton*, 2022 WL 17486848, at *2; *see also Norrid v. D.A.R.P., Inc.*, No. 17-CIV-401-RAW, 2018 WL 2977384, at *3 (E.D. Okla. June 13, 2018) (same). As with the second factor, this factor "does not require precise identity of issues in the two cases." *Colton*, 2022 WL 17486848, at *2.

The crux of both the *Maniaci* and *Ferrell* matters is identical—the alleged receipt of text message advertisements without consent. The only claim asserted in *Maniaci* and the primary claim asserted in *Ferrell* are identical—the alleged violation of 47 U.S.C. § 227(c)(5) predicated on the regulation 47 C.F.R. § 64.1200(c)(2). *See, e.g.*, *Bowes*, 2018 WL 8755505, at *2 ("There is also no question that the issues at stake are similar. Both actions allege Defendants violated the TCPA by sending spam texts without consent."); *Norrid*, 2018 WL 2977384, at *3 ("The issues raised in both the Norrid and Fochtman cases are substantially similar."); *see also Edwards v. Genesco Inc.*, No. 4:25-CV-452-SDJ, 2025 WL 2085040, at *2 (E.D. Tex. July 24, 2025) ("Both actions raise overlapping TCPA claims and seek to certify similar classes under Federal Rule of Civil Procedure 23."); *Humphrey v. United Healthcare Servs., Inc.*, No. 14 C 1157, 2014 WL 3511498, at *2 (N.D. Ill. July 16, 2014) ("The Court finds that Humphrey's and Matlock's [TCPA] claims are essentially identical."); *Gonzalez v. Homefix Custom Remodeling, Corp.*, 670 F. Supp. 3d 337, 346 (E.D. Va. 2023) (applying first-to-file doctrine to TCPA case to transfer matter to the District of Maryland).

Plaintiff Ferrell will likely contend that her OTSA claim, again, renders the issues in this class dissimilar. The reality, though, is that Plaintiff Ferrell's OTSA claim is predicated on the same essential conduct—the alleged receipt of unsolicited text messages. (*See* Dkt. 1 ¶ 40.) Plaintiff Ferrell also seeks the same relief under her OTSA claim. (*See id.* ¶¶ 37, 38, 43.) In circumstances where there are tag-along or added theories like this, courts have not hesitated to apply the first-to-file doctrine. *See, e.g.*, *Norrid*, 2018 WL 2977384, at *3 ("Though the Norrid case may feature additional theories of recovery, both cases ultimately hinge on the question of whether the plaintiffs may recover unpaid wages from the defendants for forced, uncompensated labor."); *Gonzalez*, 670 F. Supp. 3d at 346 (applying first-to-file doctrine notwithstanding that the second-filed TCPA case also asserted a Virginia state claim).

### D.   No exception to the first-to-file doctrine applies.

There are no extraordinary circumstances here counseling against the application of the first-to-file doctrine. *See Colton*, 2022 WL 17486848, at *2 ("[A] court should depart from the first-to-file doctrine only in extraordinary circumstances involving inequitable conduct, bad faith, anticipatory suits or forum shopping.") (internal quotations and citation omitted). OrthoTech is the defendant in both cases—it did not engage in inequitable conduct, bad faith, anticipatory filing or forum shopping. On the contrary, it is Plaintiffs and their counsel that are filing duplicative cases against the same entity in multiple jurisdictions in hopes of creating sufficient leverage to force a settlement by driving up needless and duplicative defense costs.

### III.   This Court Should Dismiss or, Alternatively, Stay or Transfer this Case.

In applying the first-to-file doctrine, courts have the discretion to fashion the appropriate remedy. *See, e.g.*, *Colton*, 2022 WL 17486848, at *3 ("Because the first to file rule applies, the Court has the discretion to transfer, stay or dismiss the present action.").

OrthoTech acknowledges that dismissal outright is atypical in the first-to-file context. OrthoTech submits, however, that dismissal is appropriate here where this second filing is self-evidently the result of gamesmanship. Plaintiff's counsel is lead plaintiffs' counsel in *Maniaci*. Plaintiff Ferrell is thus already represented and is already a putative class member in the *Maniaci* case. The second-filed matter serves no purpose but to increase costs on OrthoTech.

As an alternative, however, OrthoTech submits that this matter should be stayed pending the outcome of *Maniaci* or transferred to the Eastern District of Michigan to be coordinated with *Maniaci*. Either remedy here would prevent the needless waste of judicial resources in overseeing two substantially similar nationwide class actions. *See, e.g.*, *Colton*, 2022 WL 17486848, at *4 (transferring matter); *see also Steavens v. Elec. Data Sys. Corp.*, No. 07-14536, 2008 WL 5062847, at *3 (E.D. Mich. Nov. 25, 2008) ("Transferring will allow the first-filed court to decide how to best proceed with both cases, and the parties will be free to file any requests for consolidation or a stay in that court."). Furthermore, "[d]istrict courts within the Tenth Circuit have stated that 'the preference is for the court of first-filing to decide the application of the first to file rule.'" *Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1166 (N.D. Okla. 2010).

## **CONCLUSION**

For the foregoing reasons, OrthoTech respectfully requests the Court: (i) find that the first-to-file doctrine applies and dismiss this case or, alternative, stay or transfer this case; and (ii) award all other relief it deems equitable and just.

DATED: October 16, 2025                                                  Respectfully submitted,

*/s/ Joseph R. Farris*

Joseph R. Farris, OBA #2835
FRANDEN | FARRIS | QUILLIN
  GOODNIGHT | ROBERTS + WARD
Two West 2nd Street, Suite 900
Tulsa, OK  74103
(918) 583-7129
Fax: (918) 584-3814
jfarris@tulsalawyer.com

Mark S. Eisen, Esq.
(to be admitted *pro hac vice*)
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192
meisen@beneschlaw.com
***Attorneys for Defendant OrthoTech, LLC***

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 16th day of October, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Matthew D. Alison
223 S. Detroit Ave., Suite 200
Tulsa, OK  74120

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA  02043

                                                            Joseph R. Farris