#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMBER FERRELL, individually and on behalf of all others similarly situated <br><br> Plaintiff, <br><br> v. <br><br> ORTHOTECH, LLC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 6:25-cv-00330-JAR <br> ) <br> ) **ORAL ARGUMENT REQUESTED** <br> ) <br> ) |

### ORTHOTECH, LLC'S REPLY ISO MOTION TO DISMISS, STAY OR TRANSFER PURSUANT TO THE FIRST-TO-FILE DOCTRINE

Defendant OrthoTech, LLC ("OrthoTech") submits this Reply Brief in Support of its Motion to Dismiss, Stay or Transfer this case pursuant to the first-to-file doctrine (hereinafter the "First-to-File Motion"), and support thereof states as follows:

### INTRODUCTION

Plaintiff paints OrthoTech's First-to-File Motion as a "shield against accountability." Plaintiff also seeks to paint her case as a purely local dispute. These arguments are disingenuous at best, and outright misleading at worst. The issue before this Court is whether this duplicative *nationwide* class action should proceed in this Court. Plaintiff and her counsel's filing of duplicative nationwide class actions flies in the face of judicial economy and common sense, and this gamesmanship should not be countenanced.

Plaintiff wholly ignores that she is pursuing a putative nationwide class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5). Plaintiff similarly ignores that her counsel is pursuing the same claim, on behalf of the substantively

1

similar putative class, in the Eastern District of Michigan. *See Maniaci v. OrthoTech, LLC*, 2:25-cv-11138 (E.D. Mich.). Plaintiff's tag-along Oklahoma claim simply does not change the calculus. Even if this Court found transfer to be the appropriate remedy, there is no reason to believe that the Eastern District of Michigan could not evaluate this claim.

Contrary to Plaintiff's portrayal, OrthoTech is not seeking to "hide" behind the *Maniaci* case. It seeks simply to avoid the waste of party and judicial resources brought about by Plaintiff's counsel's duplicative filings. This is the purpose of the first-to-file doctrine. *See Colton v. Contintental Res., Inc.*, No. 22-00208-EFM, 2022 WL 17486848, at *1 (E.D. Okla. Dec. 2, 2022) (noting purpose is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.") (internal quotation and citation omitted).

## ARGUMENT

### I.     PLAINTIFF MAKES CRITICAL CONCESSIONS.

In opposing this Motion, Plaintiff fails entirely to address the fact that she is seeking to represent a nationwide class under the TCPA, and specifically under 47 U.S.C. § 227(c)(5). Plaintiff likewise fails to address the undeniable fact that her putative nationwide class is essentially (if not entirely) subsumed by the similar class asserted in *Maniaci*, also prosecuted by her counsel. Plaintiff thus declines to address the self-evident fact that she is a putative class member in the *Maniaci* action. By failing to address these issues, Plaintiff has waived any opposition. *See, e.g.*, *Fisher v. City of Fountain*, No. 123-cv-01398CNSMDB, 2024 WL 1330077, at *3 (D. Colo. Mar. 28, 2024) (finding failure to oppose or respond to argument dont results in waiver).

## II.     PLAINTIFF MISINTERPRETS THE FIRST-TO-FILE DOCTRINE.

Plaintiff presents the first-to-file doctrine as a narrow principle, requiring the "identical parties and claims . . . ." (Dkt. 15 at 3-4.) This is simply incorrect.

The Tenth Circuit teaches that "[i]t is well established in this Circuit that where the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court." *O'Hare Intern. Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972). Indeed, it has been referred to as a *baseline*. *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) ("Our circuit has adopted the first-to-file rule as a baseline."). This District has referred to the exceptions to the doctrine—not the doctrine itself—as "limited" and arising "only in extraordinary circumstances . . . ." *Colton*, 2022 WL 17486848, at *2 (internal quotations and citation omitted). Indeed, *Plaintiff* bears the burden in establishing any such exception. *See id.*; *see also Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1167 (N.D. Okla. 2010).

Furthermore, the first-to-file doctrine *does not* require identicality of parties and claims. Much to the contrary, "[i]t is well accepted that the parties do not need to be identical and that only similarity or substantial overlap is required. . . Similarly, the issues must only be substantially similar in that they seek like forms of relief and hinge on the outcome of the same legal/factual issues." *Cherokee Nation*, 724 F. Supp. 2d at 1168 (cleaned up); *see also Masciotra v. Vertafore*, No. 20-cv-3603-WJM-NYW, 2021 WL 1720860, at *2 (D. Colo. Apr. 30, 2021) ("The rule has been applied in the class-action context where a putative class is a subset of the class in the first-filed action or there is substantial overlap between the classes."). Indeed, "the rule has been applied where, as

here, the class definitions of the cases differ, but the subject matter of the litigation is substantially the same." *Masciotra*, 2021 WL 1720860, at *2.

### III.   THE FIRST-TO-FILE DOCTRINE PLAINLY APPLIES.

####     A.   Plaintiff Cannot Dispute That *Maniaci* Was First-Filed.

Plaintiff cannot credibly dispute—though she does not take a position on the issue—that the *Maniaci* case was first-filed. (*See* Dkt. 15 at 5.) The *Maniaci* case was filed on April 21, 2025, five months prior to this action.

####     B.   There Is Plainly Substantial Overlap Between Parties and Issues.

Plaintiff focuses her opposition on a singular issue—that (in addition to her TCPA claim and nationwide class) she asserts an Oklahoma state claim and subclass, whereas no such claim or class is asserted in *Maniaci*. (Dkt. 15 at 6-9.) Plaintiff misses the forest for the trees. The simple fact of the matter is that Plaintiff is asserting an identical claim under the TCPA on behalf of a substantially similar (if not literally similar) nationwide class, and is suing over the same facts seeking the same relief.

First, fantastically, Plaintiff ignores her own nationwide class and TCPA claim, asserting she is "representing Oklahoma consumers under Oklahoma law." (*Id.* at 6.) This argument cannot be made with a straight face; she is also pursuing a putative nationwide class under the TCPA—the precise claim and substantially similar class definition as used in *Maniaci*. (*See* Dkt. 12 at 2-3.) Plaintiff cannot hide from her very own claim and primary class. (*See* Dkt. 1 ¶¶ 25, 33-38.) This is the precise circumstance in which courts apply the first-to-file doctrine, finding a clear substantial similarity between overlapping classes. *See Chieftain Royalty Co. v. XTO Energy, Inc.*, No. CIV-11-29-FHS, 2011 WL 1533073, at *2

4

(E.D. Okla. Apr. 22, 2011); *Bowes v. Am. Eagle Outfitters, Inc.*, No. 17-1166-SLP, 2018 WL 8755505, at *2 (W.D. Okla. Sept. 28, 2018); *Masciotra*, 2021 WL 1720860, at *2; *see also Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013) ("Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals."). The putative class in *Maniaci* appears to largely if not entirely encompass *Ferrell*; two courts should not be evaluating the same substantive class.

Second, the central claim in both cases is identical and the facts underpinning both cases is identical. As detailed in the First-to-File Motion, both matters involved the alleged receipt of unsolicited text messages from OrthoTech. (*See* Dkt. 12 at 8.) Critically, this remains true with respect to Plaintiff's OTSA claim. (*See* Dkt. 1 ¶ 40); *see also* Bowes, 2018 WL 8755505, at *2 ("There is also no question that the issues at stake are similar."). The only distinguishing facts Plaintiff manages to come up with are (i) she has an Oklahoma area code and (ii) she allegedly received the messages at issue in this District. (Dkt. 15 at 8.) These facts are simply not germane to the first-to-file analysis.

Third, notwithstanding Plaintiff's protestations to the contrary, her own Complaint proves she is seeking the same relief as is sought in *Maniaci*. Plaintiff seeks (i) certification, (ii) appointment as class representative, (iii) damages and (iv) fees and costs. (Dkt. 1 at Prayer.) Plaintiff also seeks, in the body of each claim, injunctive relief. (*Id.* ¶¶ 37, 43.) The substantially similar relief is sought in *Maniaci*. (*See* Dkt. 12-1 at Prayer.) Plaintiff seems to ignore this reality wholesale. (*See* Dkt. 15 at 8.)

The presence of Plaintiff's tag-along OTSA claim and subclass do not alter the outcome here, as detailed in OrthoTech's Motion. (*See* Dkt. 12 at 9.) Courts have not hesitated to apply the first-to-file doctrine in the face of an added claim or theory of relief. (*Id.*) Plaintiff and her counsel chose to file a duplicative class action. It can be no surprise, then, that these two cases are substantially similar. The first-to-file doctrine clearly applies.

### C.    Plaintiff Fails to Support Any Exception to the First-to-File Doctrine.

In opposing this Motion, Plaintiff fails to assert any recognized exception to the first-to-file doctrine, and instead asserts "equitable and public interest considerations" weigh in her favor. (Dkt. 18 at 9-10.) Plaintiff not only misses the point, but is flatly wrong.

At the outset, the exceptions to the first-to-file doctrine are limited to: "extraordinary circumstances involving inequitable conduct, bad faith, anticipatory suits or forum shopping." *Colton*, 2022 WL 17486848, at *2 (internal quotations and citation omitted). Plaintiff does not so much as articulate this standard. Nor could she. Plaintiff's counsel has filed duplicative, overlapping class actions (and, if anything, has exercised inequitable conduct and bad faith). The failure to raise any exception should end the analysis.

To the extent the Court turns to equity, the first-to-file doctrine answers that issue in spades: the purpose of the doctrine is to avoid waste of judicial resources, inconsistent rulings and "piecemeal resolution of issues that call for a uniform result." *Id.* at *1 (internal quotations and citation omitted); *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477 (10th Cir. 1999) (unpublished). Equity favors OrthoTech. As Plaintiff proposes, there would be two courts overseeing identical discovery, identical claims and an effort to certify substantially similar if not identical nationwide classes. This

matter is tailor made for the first-to-file doctrine. *See, e.g.*, *Northface Univ., LLC v. N. Face Apparel Corp.*, No. 05-cv-00011, 2005 WL 8177239, at *2 (D. Utah Feb. 11, 2005) ("It would be duplicative of the proceedings in the California Action and a waste of judicial resources for this court to continue to review the same issue."). Plaintiff provides no authority to the contrary. (*See* Dkt. 15 at 9-10, citing no cases.)

To the extent this Court is concerned that a dismissal or stay is heavy handed, this case should be transferred to the Eastern District of Michigan. Notwithstanding Plaintiff's meek argument to the contrary, (*id.* at 9), there is no reason to believe the *Maniaci* court is incapable of deciphering the similar OTSA. *See, e.g.*, *Seamless Interactive, LLC v. LG Elecs., Inc.*, No. 09-666-GKF-PJC, 2009 WL 3857426, at *3 (N.D. Okla. Nov. 18, 2009).

### D. The Section 1404(a) Factors do not Apply, and in Any Event Would Weigh in Favor Transfer.

Plaintiff devotes four pages of her opposition to 28 U.S.C. § 1404(a) and the analysis encompassed thereby, as though OrthoTech made this argument (it did not). (*See* Dkt. 15 at 11-14.) It is unclear why this issue was raised. Plaintiff does not contend that the 1404(a) analysis is necessary to or part of the first-to-file doctrine analysis. This section appears entirely random. In any event, Plaintiff is woefully mistaken in her analysis.

The first-to-file doctrine stands on its own. *See, e.g.*, *Northface Univ.*, 2005 WL 8177239, at *1 (engaging in the first-to-file analysis without a 1404(a) analysis); *Shawnee Tribe v. Mnuchin*, No. 20-cv-290, 2020 WL 4334908, at *2 (N.D. Okla. July 28, 2020) (same); *Cherokee Nation*, 724 F. Supp. 2d at 1173 (same); *Norrid v. D.A.R.P., Inc.*, No. 17-401-RAW, 2018 WL 2977384, at *3 (E.D. Okla. June 13, 2018) (finding transfer proper

under first-to-file, and "additionally" finding it proper under 1404(a)); *Hubbard v. Argent Mortg. Co., LLC*, No. 15-cv-02375, 2016 WL 4537869, at *4 (D. Colo. Aug. 31, 2016) ("However, the *Chrysler Credit Corp.* [transfer] factors have little applicability in this case given the" first-filed case."). Plaintiff does not argue that the 1404(a) analysis is necessary to or part of the first-to-file analysis. OrthoTech rests on the first-to-file doctrine.

Even if this Court were to consider 1404(a) factors like Plaintiff's choice in forum, the situs of material facts and the interests of justice, they clearly favor moving this case to the first-filed jurisdiction. As with the first-to-file analysis, Plaintiff fails entirely to accept that she is pursuing a *nationwide TCPA class*, focusing instead on her state claim.

First, notwithstanding Plaintiff's failure to accept this fact, Plaintiff is pursuing a putative nationwide class action. (*See* Dkt. 15 at 11-14 [identifying and addressing only Plaintiff's OTSA claim].) Courts discount a plaintiff's choice of forum in nationwide class actions. *See, e.g.*, *Bowes*, 2018 WL 8755505, at *3 ("Additionally, plaintiff's choice of forum is given less weight in the context of class actions."); *Norrid*, 2018 WL 2977384, at *3 ("However, when a plaintiff is a class representative, that weight is diminished and factors other than plaintiff's choice must necessarily take on increased significance.").

Second, Plaintiff's choice in forum would be further diminished by the fact that Oklahoma is not the situs of material events—it is the happenstance location of one class member. Courts further discount a plaintiff's choice of forum in TCPA class actions where the chosen forum is not the situs of material events. *See, e.g.*, *Geraci v. Red Robin Int'l, Inc.*, No. 18-cv-15542, 2019 WL 2574976, at *6 (D.N.J. June 24, 2019) ("[T]he operative facts arose in, and Defendant and the Plaintiff-class have substantially more contacts with,

Colorado, which is where Defendant is headquartered . . . ."); *Pierucci v. Homes.com Inc.*, No. 20-08048, 2020 WL 5439534, at *4 (D. Ariz. Sept. 10, 2020) ("[M]ost of the operative facts . . . occurred in Virginia [where it is based], not Arizona.").

Third, the interests of justice would clearly favor transfer to the Eastern District of Michigan where it can be coordinated with the first-filed case. *See, e.g.*, *Norrid*, 2018 WL 2977384, at *4 ("The greatest factor is the practical nature of consolidation that could occur with the *Fochtman* case. It is likely that, at the very least, the two cases can consolidate their discovery and pretrial matters. This helps to reduce costs, expedite the case, and avoid inconsistent results."); *Bowes*, 2018 WL 8755505, at *3 ("Moreover, based on litigation of related issues in the *Melito* action, practical issues are served by a transfer – including avoiding duplication of discovery efforts. And finally, the interest of justice is best served by a transfer. . . . Litigation of the same issues here would not be efficient, would waste judicial resources and would give rise to the risk of inconsistent judgments.").

Try as Plaintiff might to ignore her TCPA claim and putative nationwide TCPA class, that is the case she filed and the claim she brought. Many of Plaintiff's arguments are difficult to take seriously. Plaintiff argues, for example, that "relative costs . . . favor Oklahoma." (Dkt. 15 at 13.) Plaintiff argues further that "judicial economy and docket management also weigh against transfer" and that (unbelievably) transfer "would divide related issues between two courts" and "risk inconsistent rulings . . . ." (*Id.* at 14.) It is, of course, Plaintiff's very own counsel who chose to increase costs on the Parties (and the courts) by filing a duplicative nationwide class action complaint in two different

9

jurisdictions.[1] It is simply not possible that having both matters proceed before a single court could divide issues or result in inconsistent rulings. There can be no question that the ability to coordinate with *Maniaci* would save substantial judicial economy and party resources. Plaintiff's arguments are nonsensical.

## IV. DISMISSAL OR, ALTERNATIVELY, A STAY OR TRANSFER OF THIS MATTER IS PROPER.

Plaintiff suggests informal coordination as the remedy to this duplicative case. (Dkt. 15 at 10.) Plaintiff ignores the self-evident risk of inconsistent rulings and waste of judicial resources (and party resources) she has occasioned. (*Id.*) Plaintiff should not benefit from her and her counsel's questionable actions in filing this needless case. Dismissal is a proper remedy in light of the unique facts and circumstances presented here. *See, e.g.*, *Northface Univ.*, 2005 WL 8177239, at *2 (dismissing duplicative declaratory judgment case).

Alternatively, however, either a stay of this action or transfer of this action to the Eastern District of Michigan will preserve party and judicial resources, and would be prudent here. *See, e.g.*, *Chieftain Royalty Co.*, 2011 WL 1533073, at *3 (staying second-filed case); *Bowes*, 2018 WL 8755505, at *3 (transferring duplicative TCPA case).

## CONCLUSION

For the foregoing reasons, OrthoTech respectfully requests the Court: (i) find that the first-to-file doctrine applies and dismiss this case or, alternative, stay or transfer this case; and (ii) award all other relief it deems equitable and just.

---

[1] Plaintiff goes so far as to argue that some of her counsel are in Oklahoma, as a factor against transfer. (Dkt. 15 at 13.) Plaintiff's lead counsel *is counsel* in *Maniaci*. Plaintiff's counsel has chosen to drive up his own costs by filing this case and retaining local counsel.

DATED: October 28, 2025								Respectfully submitted,

_____
Joseph R. Farris, OBA #2835
FRANDEN | FARRIS | QUILLIN
  GOODNIGHT | ROBERTS + WARD
Two West 2nd Street, Suite 900
Tulsa, OK  74103
(918) 583-7129
Fax: (918) 584-3814
jfarris@tulsalawyer.com


Mark S. Eisen, Esq.
(to be admitted *pro hac vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192
meisen@beneschlaw.com

*Attorneys for Defendant OrthoTech, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Matthew D. Alison
223 S. Detroit Ave., Suite 200
Tulsa, OK  74120

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA  02043

_____
Joseph R. Farris