**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMBER FERRELL, individually and on behalf of all others similarly situated, | Case No. CIV-25-330-JAR |
| *Plaintiff,* | |
| *v.* | |
| ORTHOTECH, LLC d/b/a SMILESET | |
| *Defendant.* | |

**JOINT STATUS REPORT**

JURY DEMANDED: _X___ Yes _____ No

Pursuant to Federal Rules of Civil Procedure 26(f) a meeting was held on __January 19, 2026__ at _3:00 PM EST___.

Plaintiff(s) appearing by counsel ____Anthony Paronich_____

Defendant(s) appearing by counsel ___Mark Eisen (pro hac vice pending)_____

**I.**  **All parties consent to trial before Magistrate Judge?** __X__ Yes _____ No

*If you mark "yes", you will be deemed to have consented to the jurisdiction of the assigned United States Magistrate Judge without the necessity for the filing or submission of any other documentation. The United States Magistrate Judge will exercise complete jurisdiction over this case through and including trial and the entry of a final judgment in accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a).*

*If you mark "no", the case will immediately be reassigned to a United States District Judge.*

**II.**  **Summary of Claims**:

**Plaintiff's Position**: Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Oklahoma Telephone Solicitation Act ("OTSA"), Okla. Stat. tit. 15 §§ 775C.1–775C.6. Plaintiff alleges that Defendant OrthoTech, LLC d/b/a SmileSet ("OrthoTech") sent multiple unsolicited telemarketing text messages advertising orthodontic services to Plaintiff's cellular telephone number, despite the number being registered on the National Do-Not-Call Registry for more than 30 days and without Plaintiff's prior express consent.

Plaintiff seeks to represent a National Do-Not-Call Registry Class and an Oklahoma OTSA Subclass, asserting that Defendant engaged in uniform and systematic telemarketing practices in

1

violation of federal and state law. Plaintiff seeks statutory damages, treble damages for willful or knowing violations, injunctive relief, and certification of the proposed classes.

**Defendant's Position**: OrthoTech generally agrees with Plaintiff's portrayal of the claims asserted and the classes he seeks to represent. OrthoTech disputes, however, whether Plaintiff has any claims, whether he is entitled to any relief and whether his putative classes are properly certifiable.

**III.    Summary of Defenses**:

**Defendant's Position**: OrthoTech has not yet answered and thus has not yet asserted any affirmative defenses. On January 15, 2026, OrthoTech filed its Motion to Dismiss. (Dkt. 22.) OrthoTech contends that Plaintiff is not capable of stating any claims for relief because, *inter alia*: (i) text messages are not actionable under the provision of the TCPA at issue, (ii) Plaintiff has not alleged an independent basis to jurisdiction under the OTSA without his TCPA claim, (iii) Plaintiff has not alleged the receipt of any text messages in violation of the OTSA and (iv) Plaintiff has not alleged facts sufficient to establish that he is aggrieved under the OTSA.

Should this case continue past the pending Motion to Dismiss, OrthoTech intends to raise a number of defenses including, but not limited to: (i) Plaintiff consented to receive the outreach at issue, (ii) Plaintiff does not qualify as a "residential subscriber" under the provision of the TCPA at issue, (iii) compliance with the statutory safe harbor and/or substantial compliance with the provisions at issue, (iv) OrthoTech did not utilize technology covered by the OTSA and (v) the OTSA violates the First Amendment to the United States Constitution. OrthoTech also intends to argue that Plaintiff cannot satisfy the prerequisites to Federal Rule of Civil Procedure 23 for either of his putative classes. OrthoTech is continuing to evaluate other potential defenses.

**IV.    Motions Pending**: Currently pending before this Court are:

(a) The Motion of Mark S. Eisen to be admitted *pro hac vice*, (Dkt. 18);

(b) OrthoTech's unopposed Motion to withdraw the motions filed at Docket Entries 12 and 13, (Dkt. 20); and

(c) OrthoTech's Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. 22.)

**V.    Are Dispositive Motions Anticipated?**

**Plaintiff's Position**: If the class is certified, the Plaintiff may file a dispositive motion on behalf of class members.

**Defendant's Position**: OrthoTech has filed a Motion to Dismiss Pursuant to Rule 12(b)(6), (Dkt. 22.) Should this case proceed, OrthoTech contemplates filing a dispositive motion.

**VI.    Stipulations**:

A.    **Jurisdiction Admitted**: ____ Yes __X__ No, Explain:

2

**Defendant's Position**: OrthoTech admits that this Court has federal question jurisdiction. OrthoTech reserves the right to challenge personal jurisdiction should it be determined that Plaintiff was not in Oklahoma at the time the alleged messages were received.

    **B.**    **Venue Appropriate**: ____ Yes __X__ No, Explain:

**Defendant's Position**: OrthoTech reserves the right to challenge venue should it be determined that Plaintiff was not in this jurisdiction at the time the alleged messages were received.

    **C.**    **Facts**: Text messages were transmitted by or on behalf of OrthoTech to the phone number 918-297-XXXX.

    **D.**    **Law**: This action is asserted under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Oklahoma Telephone Solicitation Act ("OTSA"), Okla. Stat. tit. 15 §§ 775C.1–775C.6

*Please provide appropriate stipulations of fact and law. "None at this time" is not an appropriate response.*

**VII.**    **Fed. R. Civ. P. 26 Discovery Plan**: The parties jointly propose to the Court the following discovery plan: (Use separate paragraphs or subparagraphs as necessary if parties disagree.)

Have initial disclosures under Rule 26(a)(1) been exchanged *AND FILED*?

____ Yes __X__ No

**If NO – the parties shall exchange and file their Rule 26(a)(1) disclosures within 10 days of the entry of this Joint Status Report.**

*1. Plaintiff(s) shall submit a calculation of every category of damages requested;* The TCPA permits for up to $500 for each violation of the National Do Not Call Registry and up to $1,500 if the violation is found to be willful or knowing. The OTSA also provides for $500 for each violation of the National Do Not Call Registry and $1,500 if the violation is found to be willful or knowing

*2. Defendant(s) shall provide to Plaintiff(s) a certified copy of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. **A copy of the Declarations Sheet alone does not meet this requirement**; and,*

*3. All parties shall exchange color copies of all exhibits and electronically stored information identified under 26(a)(1)(ii))iii) and/or (iv).*

Note that pursuant to Rule 26 and this Order, all parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the court of any nondisclosure so that the issue can be promptly resolved. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the court's attention in a timely

manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

If applicable, have disclosures pursuant to Fed. R. Civ. P. 7.1 been filed?

       __X__ Yes ____ No, Explain:

Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the court's local rules?

       __X__ Yes ____ No, Explain:

**Defendant's Position**: As detailed further below, OrthoTech requests that this Court stay discovery pending the Motion to Dismiss.

Discovery will be needed on the following subjects: Discovery will include, but is not limited to:

**Plaintiff's Position**:

- Defendant's telemarketing policies, procedures, and training materials;

- Dialing systems, text messaging platforms, and vendors used by Defendant;

- Call detail records, outbound dialing logs, and text message logs;

- Records reflecting National Do Not Call Registry scrubbing;

- Communications between Defendant and any third-party marketing vendors;

- Evidence relevant to class certification, including numerosity, commonality, typicality, and predominance;

- Evidence relating to Defendant's knowledge and willfulness for purposes of enhanced statutory damages.

The Plaintiff intends to oppose any stay sought pending the motion to dismiss.

**Defendant's Position**:

OrthoTech requests at the outset that, as further explained below, that discovery be stayed pending the outcome of its Motion to Dismiss. With that in mind, OrthoTech anticipates requiring discovery on (but not limited to) the following issues:

- The elements necessary to each claim;

- Plaintiff's phone number and the text messages at issue;

4

- Plaintiff's consent to receive the outreach at issue;

- Plaintiff's use of her phone number;

- Plaintiff's injury and harm, if any;

- Records reflecting Plaintiff's registration on the National Do Not Call Registry; and

- Evidence relating to class certification, including Plaintiff's adequacy to represent a putative class;

Should discovery be limited at this time to any particular subject matters or issues?

__X__ Yes ____No, Explain:

**Defendant's Position**: As detailed below, OrthoTech contends that discovery should be stayed pending the outcome of its Motion to Dismiss. Should discovery not be stayed, OrthoTech may seek alternative relief relating to the phasing or staging of discovery.

Phased Discovery requested *(If requested, the in-person Joint Status Conference cannot be waived)*: ____ Yes _X___ No

**Defendant's Position**: OrthoTech requests that this Court stay discovery pending the outcome of its Motion to Dismiss. The pending Motion to Dismiss could be case dispositive. Holding discovery in abeyance pending the Motion to Dismiss could avoid the potentially unnecessary burden and resources (both Court and Party resources) taken up by class discovery. OrthoTech is prepared to brief these issues should this Court prefer. Should discovery not be stayed, OrthoTech may seek alternative relief relating to the phasing or staging of discovery

The Plaintiff intends to oppose any relief requested to phasing or staging of discovery

Is there a need for any other special discovery management orders by the court?

____ Yes ___X_ No, Explain:

Proposed Discovery Deadline 180 days from entry of the Scheduling Order, to be followed by a period of 75 days for expert discovery and expert depositions (30 days for initial reports; 30 days for rebuttal reports; and 15 days for depositions). The Parties also note that this case will require the setting of a deadline relating to Plaintiff's motion for class certification.

Estimated number of days required for trial 3-5 days.

VIII. Settlement Plan **(Check one)**

5

A. __X__ Settlement Conference Requested after:

**Plaintiff's Position**: After 2026.

**Defendant's Position**: After a ruling on its pending Motion to Dismiss, should its Motion be denied.

B. ___X_ Other ADR: The parties are also amenable to private mediation after sufficient discovery.

IX. Do the parties request that the Court hold a Scheduling Conference?

__X__ Yes ____ No

**Parties' Position**: OrthoTech requests an in-person Scheduling Conference to discuss OrthoTech's request to stay discovery in this action pending the outcome of the Motion to Dismiss, which could be case dispositive. This will also permit the Parties to discuss potential other mechanisms to minimize the burdens and costs imposed by class discovery. This procedure would potentially save the Parties significant resources and further judicial economy. OrthoTech is prepared to brief these issues should this Court prefer. The Plaintiff is amenable to a Scheduling Conference to discuss these issues but is also prepared to brief these issues if the Court would prefer.

The Parties note that the in-person Scheduling Conference was previously set for January 26, 2026. (Dkt. 19.) In light of the impending winter storm, the Parties request that the hearing be reset to January 28 or January 29.

> *If the parties consent to the United States Magistrate Judge under Section VII and do not request a Scheduling Conference, the Court will issue a Scheduling Order based on the information contained in this Joint Status Report and no Scheduling Conference will be conducted, unless otherwise ordered by the Court.*
>
> ***If the parties do not consent to the United States Magistrate Judge and the case is referred back by the United States District Judge an in-person Scheduling Conference WILL BE HELD unless otherwise ordered by the Court.***

Read and Approved by:

s/ Matthew D. Alison (with permission)
_____
Attorney for Plaintiff

Attorney for Defendant