## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA COLE, on behalf of herself and others similarly situated, | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO. 25-3531 |
| | : | |
| C/T INSTALL AMERICA, LLC | : | |

## ORDER

**AND NOW,** this 23rd day of March 2026, upon review of the Motion to Dismiss of Defendant, C/T Install America, LLC, Plaintiff's opposition thereto and Defendant's reply, as well as all supplemental authority provided by the parties, it is hereby **ORDERED** as follows:

1. The Motion to Dismiss of Defendant, C/T Install America, LLC, (ECF No. 10) is **DENIED**[1].

---

[1] Defendant, C/T Install America, LLC, filed a motion to dismiss in this matter, claiming that this putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA") should be dismissed for failing to state a claim. Plaintiff's Complaint asserts that Defendant violated the Do Not Call ("DNC") requirements of the TCPA by sending two text messages to her cell phone concerning window installation services. Defendant moved to dismiss, claiming: 1) Plaintiff's TCPA claim must fail because Plaintiff is not a "residential telephone subscriber;" 2) Plaintiff's TCPA claim must fail because the plain language of Section 227(c) of the TCPA does not regulate text messages; and 3) Plaintiff has failed to sufficiently allege a "willful" or "knowing" violation of the TCPA that would entitle her to an award of treble damages. ECF No. 11-1, Def's Memorandum in Support ("Memo") at 1-2. After a thorough review of the briefs of the parties, I find that Plaintiff sufficiently pled that she is a residential telephone subscriber, that Section 227(c) of the TCPA does in fact regulate text messages, and that Plaintiff sufficiently pled that Defendant committed a willful or knowing violation of the TCPA. Accordingly, Defendant's motion will be denied.

The TCPA was passed by Congress in 1991 to address consumer privacy concerns related to telemarketing. In drafting the TCPA, Congress "enacted detailed, uniform, federal substantive prescriptions and provided for a regulatory regime" administered by the Federal Communications Commission. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 383 (2012). The TCPA authorized the creation of a nationwide Do Not Call registry and directed the FCC to establish a "list of telephone numbers of residential subscribers who object to receiving telephone solicitations," 47 U.S.C. § 227(c)(3), and to prohibit telemarketers from "making or transmitting a telephone solicitation" to phone numbers on the list. *Id.*, §227(c)(3)(F). Section 227(c) provides a private right of action for persons who have received "more than one telephone call within any 12-month period by or on

1

behalf of the same entity in violation of the regulations." 47 U.S.C. § 227(c)(5). The regulations further provide that "[n]o person or entity shall initiate any telephone solicitation to [a] residential telephone subscriber who has registered his or her telephone number on the [DNC registry]." 47 C.F.R. §64.1200(c)(2).

In the instant matter, Plaintiff alleges that her cell phone number was registered to the DNC list, and therefore, the marketing texts that she received from Defendant were violations of the TCPA. Defendant argues that Plaintiff's claim must fail because she received text messages on her cell phone, which is not a residential phone, so she is not a "residential telephone subscriber." Defendant also argues that the text of the TCPA only permits recovery for "telephone calls" to a phone number on the DNC list, not text messages.

First, as to Defendant's argument that Plaintiff is not a "residential telephone subscriber" because the messages in question were sent to her cell phone, I find this argument to be unavailing. Plaintiff's Complaint stated that she uses the phone in question as her "personal residential telephone number," and "does not use, and at no time used, [the phone] for business or commercial purposes." ECF No. 1, Complaint at ¶¶ 9-10. Further, Defendant makes no allegation that Plaintiff's phone is used for business purposes. Consistent with numerous courts who have addressed this issue, I find that a "residential subscriber" is not limited to a residential landline but rather can include a person who uses a cell phone for personal use. *See Isaacs v. USHealth Advisors, LLC*, No. 24-216, 2025 WL 2268359, at *3 (N.D. Ga. Aug. 7, 2025); *Harriel v. Bealls, Inc.*, No. 25-1165, 2025 WL 2379617, at *2 (M.D. Fla. Aug. 15, 2025); *Wilson v. Hard Eight Nutrition, LLC,* 804 F.Supp.3d 1141,1151 (D. Ore. June 24, 2025); *Loudermilk v. Maelys Cosmetics USA, Inc.*, No. 24-1866, 2025 WL 3625779, at *3 (N.D. Ga. Dec. 11, 2025); *Showers v. Pelican Investment Holdings Group, LLC*, No. 23-2864, 2026 WL 251730, at *6 (S.D. Ill. Jan. 30, 2026). *But see Moore v. Triumph CSR Acquisition, LLC*, No. 23-4659, 2023 WL 8601528, at *2-3 (N.D. Ill. Dec. 12, 2023) (finding that a cell phone is not a residential phone).

Next, Defendant argues that §227(c) of the TCPA does not apply to text messages, as the text of §227(c) provides relief only to an individual who has received "more than one **telephone call** within any 12-month period," as opposed to a text message. 42 U.S.C. §227(c)(5) (emphasis added). I note that at the time the TCPA was enacted in 1991, text messages did not yet exist, so Congress could not have specifically included text messages in the language of §227(c). *See Keating v. Peterson's Nelnet, LLC*, 615 F.App'x 365, 370 (6th Cir. 2015) ("[T]he first text message was not sent until December 3, 1992. . .") However, in 2003 as part of its responsibility to administer the TCPA, the FCC issued regulations directing that the TCPA should be applied to text messages. See *In re Rules & Regs. Implementing the TCPA*, 18 FCC Rcd. 14014, 14115 (2003). ("[The TCPA] encompasses both voice calls and text calls to wireless numbers . . ."); 47 C.F.R. § 64.1200(e) (applying that ruling to the do-not-call restriction in § 64.1200(c)). Despite this guidance from the FCC, Defendant argues that the plain language of §227(c) does not specifically regulate text messages and that texts are therefore excluded from protection under this section of the TCPA. Memo at 2. Accordingly, I must determine whether the phrase "telephone call" as used in §227(c) includes text messages.

Initially, I note that prior to the Supreme Court's recent decisions in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), I was required to defer to the FCC's decision that a text message should be treated as a "telephone call" under the TCPA. See *Chevron USA, Inc. v. Natural Resources Defense Council,*

2

*Inc.*, 467 U.S. 837 (1984). This doctrine, called *Chevron* deference, was eliminated by the Supreme Court in *Loper Bright,* where the Court expressly overruled *Chevron* and stated that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." *Loper Bright*, 603 U.S. at 412. The next year, in *McLaughlin Chiropractic*, the Court stated that courts must "determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiropractic*, 606 U.S. at 155.

In performing this statutory interpretation of the TCPA, I first examine the text of the TCPA itself, interpreting the words of the statute with their "ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). As discussed previously, §227(c)(5) does not specifically include text messages, so I must interpret the plain meaning of the phrase "telephone call" as used in that section. I note that Webster's Dictionary from the time of the TCPA's passage in 1991 defines "call" in this context as "to get or try to get into communication by telephone." *Alvarez v. Fiesta Nissan, Inc.,* No. 25-343, 2026 WL 202930, at *4 (S.D. Tex. Jan. 26, 2026) (citing Webster's Ninth New Collegiate Dictionary 197 (1990)). A text message is sent via telephone in an attempt to communicate with another person. Based upon the definition of "call" at the time of the TCPA's passage, there was no requirement that the communication via telephone be oral. Therefore, I find that a text message falls under this definition of a "call" as set forth in §227(c)(5), and my analysis could very well end there. However, for the sake of completeness, I will continue with the remainder of the statutory analysis.

Continuing on to examine the structure of the TCPA as a whole, I note that the Supreme Court as well as other courts have found that "calls" under §227(b), a neighboring section of the TCPA, include text messages. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016). I also note that both §§227(b) and 227(c) use the same term – "telephone call." (§227(b) prohibits the initiation of "any **telephone call** to any residential telephone line" using an automated telephone system and §227(c) protects a person who "receives more than one **telephone call** over a 12-month period.") As with other courts who examined the structure of the TCPA, I find that it is "strongly persuasive. . . [that] a subsection of the same statute uses identical language," *Alvarez*, 2026 WL 202930 at *6. "The fact that the term 'call' as used in § 227(b) encompasses 'text messages,' supports the interpretation that the term 'call' as used in § 227(c) also encompasses 'text messages.'" *Mujahid v. Newity, LLC,* No. 25-8012, 2025 WL 3140725, at *2 (N.D. Ill. Nov. 10, 2025). As further support, §227(c) prohibits sending "telephone solicitations" to numbers on the DNC list, and the TCPA defines "telephone solicitations" as "the initiation of a telephone call or **message** for the purpose of encouraging the purchase or rental of . . . goods, or services, which is transmitted to any person." 47 U.S.C. §227(a)(4) (emphasis added). The structure of the entire TCPA leads to the conclusion that §227(c) does include text messages.

In examining the purpose of the TCPA, I again find that it leads to the conclusion that "call" as used in §227(c) includes text messages. "The TCPA was enacted to 'protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers.'" *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. June 19, 2009). Given Congress's expressly stated goal "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object," 47 U.S.C. § 227(c)(1), "it strains belief to suggest that Congress silently determined that [ ] oral messages were more invasive or

3

2.   C/T Install America, LLC, shall file an Answer to Plaintiff's Complaint within 20 days.

**BY THE COURT:**

/s/ Catherine Henry

**CATHERINE HENRY, J.**

---

objectionable than written ones." *Wilson v. Medvidi, Inc.*, No. 25-3996, 2025 WL 2856295, at *3 (N.D. Cal. Oct. 7, 2025). Congress intended the TCPA to protect the privacy of consumers from unsolicited marketing efforts, and a text message can be just as invasive as a phone call.

Lastly, I find that interpreting §227(c) to include text messages is consistent with both the previously discussed guidance from the FCC, as well as numerous decisions from other courts on this same issue. *See Mujahid*, 2025 WL 3140725, at *2; *Alvarez,* 2026 WL 202930, at *4; *Wilson v. Medvidi, Inc.*, 2025 WL 2856295, at *3.  *Wilson v. Better Mortgage Corp.*, No. 25-5503, 2025 WL 3493815 (S.D.N.Y Dec. 5, 2025); *Mey v. Liberty Home Guard, LLC,* No. 23-281, 2026 WL 486556 (N.D. WV, Jan. 5, 2026). *But see Jones v. Blackstone Med. Servs., LLC,* 792 F.Supp.3d 894, 899 (C.D. Ill. July 21, 2025) (finding that Section 227(c) does not apply to text messages based on a plain reading of the TCPA and its implementing regulations); *Davis v. CVS Pharmacy, Inc.,* 797 F.Supp.3d 1270, 1273 (N.D. Fla. Aug. 26, 2025) (finding that the text of §227(c) was clear and a text message was not a telephone call.); *Sayed v. Naturopathica Holistic Health, Inc.*, No. 25-847, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) (finding that Section 227(c) does not apply because "a text message is not a telephone call"); *Dilanyan v. Hugo Boss Fashions, Inc.*, No. 25-5093, 2025 WL 3549868, at *1 (C.D. Cal. Dec. 3, 2025) (stating that the Court "reads the ordinary meaning of 'telephone call' to exclude 'text message,'" and finding that Section 227(c) does not apply); *Radvansky et al. v. 1-800-Flowers.com, Inc.,* No. 25-2811, 2026 WL 456919, at *3 (N.D. Ga. Feb. 17, 2026) (stating that the "statutory text here is clear that only telephone calls are actionable under §227(c)(5), not text messages."). I recognize that some courts have analyzed this issue and come to a different conclusion, but my interpretation is consistent with the weight of authority. Accordingly, I find that nothing in the text, structure or purpose of the TCPA suggests the barring of text messages under §227(c) as proposed by Defendant, and I conclude that § 227(c) includes text messages within its definition of a "telephone call."

As to the last issue argued by Defendant, I find that Plaintiff's Complaint sufficiently pleads a claim of "willful or knowing" violations of the TCPA so as to sustain a claim for treble damages at this stage of the case. Therefore, Defendant's motion will be denied.