**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AMBER FERRELL, *individually and* *on behalf of all others similarly situated* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:25-cv-00330-JAR |
| ORTHOTECH, LLC d/b/a/ SMILESET, | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER**
**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Amber Ferrell ("Plaintiff") submits this Notice of Supplemental Authority to advise the Court of a recent decision relevant to the Court's consideration of Defendant's Motion to Dismiss the Complaint (ECF No. 22). Following the Court's hearing on the Motion to Dismiss on March 26, 2026, several decisions have been issued denying a defendant's motion to dismiss on the same issue.

First, in *Wilson v. Easy Spirit, LLC*, 2026 U.S. Dist. LEXIS 69059 (D. CT. March 31, 2026), the Court held that text messages qualify as "telephone calls" under 47 U.S.C. § 227(c)(5), explaining that the ordinary meaning of a "call" includes attempts to communicate by telephone and that text messages fall within that definition. The Court in *Wilson* held, "Call, in this context, means to 'get or try to get into Communication' using a telephone. A text message is sent using a cellular telephone to 'get or try to get into communication' with another person." A copy of that decision is attached as Exhibit 1.

Second, in *Rabbitt v. Rohrman Midwest Motors, Inc.,* 2026 U.S. Dist. LEXIS 66266 (N.D. Ill. March 27, 2026), the Court also denied a motion to dismiss and held that text messages

qualify as "telephone calls" under 47 U.S.C. § 227(c)(5):

> There is an additional reason to reject defendant's reading of §227(c)(5): statutory stare decisis. The term "telephone call" appears many times throughout §227. In 2009, the Ninth Circuit held "that a text message is a 'call' within the meaning of the TCPA." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009). Relying on that line of precedent, the Supreme Court later stated in dicta that "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of §227(b)." Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 157, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016). Satterfield was decided using a Chevron analysis. 569 F.3d at 952. Although Loper Bright overruled Chevron, the Loper Bright Court held that its decision does not "call into question prior cases that relied on the *Chevron* framework. The holdings of those cases that specific agency actions are lawful . . . are still subject to statutory stare decisis despite [*9] our change in interpretive methodology." Loper Bright, 603 U.S. at 412 (emphasis added). Thus, past determinations, such as Satterfield, that a text message is a call for the purposes of the TCPA are still subject to statutory stare decisis. See Hernandez v. Beford Dental, L.L.C., No. 25 CV 6787 at 2 (N.D. Ill. Feb. 4, 2026) (declining "to hold that the TCPA does not apply to text messages" because of statutory stare decisis).

A copy of that decision is attached as Exhibit 2.

> Third, in *Rubin v. Staples, Inc.,* 2026 U.S. Dist. LEXIS 70359 (D. NJ. March 31, 2026),

the Court held:

> as noted above, the term "call" has been held to include text messages in § 227(b). Unlike the distinction between "residential" as used in § 227(b) to refer to a type of line, and "residential" as used in § 227(c) to describe the type of subscriber, there is no basis to ascribe different meanings to the term "call" by interpreting the same term more narrowly in § 227(c) than in § 227(b). *See Wilson*, 2025 WL 3493815, at *7 (noting "weight of [] authority concerning § 227(b) strongly suggests that § 227(c)'s parallel usage of 'telephone call[s]' applies to text messages"); *Pariseau v. Built USA, LLC*, 619 F. Supp. 3d 1203, 1207 (M.D. Fla. 2022) (agreeing with "several persuasive decisions" that "telephone call" in § 227(c) includes text message because context of statutoiy text does not distinguish "telephone call" in subsection (c) from "telephone call" in subsection (b), which has been interpreted to include both voice call and text messages). The plain meaning of "telephone call" in 1991 was "a communication made by telephone" without distinction between an oral or vocal communication as the first text message was not sent until 1992. *Wilson*, WL 3493815, at *5. "[A]lthough modern parlance tends to distinguish between phone calls and text messages, the meaning of 'telephone call' in 1991—when the TCPA was enacted—was broad enough to encompass text messages." *Id.*

A copy of that decision is attached as <u>Exhibit 3</u>.

Plaintiff respectfully requests that the Court consider this authority in evaluating Defendant's Motion to Dismiss.

Dated: April 2, 2026                                   Respectfully submitted,

<u>*/s/ Anthony Paronich*</u>
Anthony Paronich
Paronich Law, PC
350 Lincoln St, Ste 2400
Hingham, MA 02043
(617) 485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com

Jessica E. Garland
Gupta Wessler LLP
2001 K Street, NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
Email: jessie@guptawessler.com

Matthew Alison, OBA 32723
Indian and Environmental Law Group, PLLC
233 S. Detroit, STE 200
Tulsa, OK 74120
(918) 347-6169
Email: matthew@iaelaw.com

*Counsel for plaintiff*