# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMBER FERRELL, individually and on behalf of all others similarly situated | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 6:25-cv-00330-JAR ) |
| ORTHOTECH, LLC., | ) ) |
| Defendants. | ) |

## ORTHOTECH, LLC'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

1.     Defendant OrthoTech, LLC ("OrthoTech") respectfully provides notice of three recent decisions bearing on OrthoTech's Motion to Dismiss. (Dkt. 22.) Each decision similarly involves matters brought by Plaintiff's counsel.

2.     Specifically, in its Motion to Dismiss, OrthoTech sought dismissal of Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227(c)(5) on the basis that Subsection 227(c)(5) applies only to *telephone calls* and does not apply to *text messages*.

3.     The focal point of the Parties' March 26, 2026 oral argument was the conflicting case law developing on this issue. Three recent decisions evaluate and weigh the very issues presented to the Court and reject the very arguments presented by Plaintiff's counsel in briefing and oral argument.

4.     First, on March 17, 2026, a Northern District of Georgia court issued a decision in the matter *Wilson v. Tradercodes, LLC*, No. 25-cv-032111, Dkt. 33 (N.D. Ga.

1

March 17, 2026) (attached as <u>Exhibit A</u>). The court evaluated the issue at hand at the Rule 12(c) stage, and determined upon a plain language review: "transmissions of text messages do not create a cause of action under § 227(c)(5)." (*Id.* at 6.) The court similarly found persuasive that subsequent amendments to the TCPA established that text messages were not covered by the relevant provision:

> [T]hat Congress amended other sections of the TCPA but not § 227(c)(5) suggests "Congress intended § 227(c)(5) to encompass only telephone calls because 'when a statute uses one term in one place and a distinct term elsewhere, the difference matters—that is, the distinct words have different meanings.

(*Id.* at 7, internal quotations and citation omitted). The court also determined "that text messages did not exist at the time of the TCPA's enactment suggests Congress could not have contemplated them when it drafted § 227(c)(5), which supports Tradercodes' position." (*Id.* at 8.) And finally, the court determined that the FCC's prior interpretation was entitled to no deference or persuasive effect. (*Id.*)

5.    <u>Second</u> and <u>third</u>, a Southern District of Indiana issued two decisions on March 26, 2026 granting motions to dismiss under Rule 12(b)(6) of the very claim at issue here. *See Richards v. Shein Distribution Corporation*, No. 1:25-CV-01385-TWP-TAB, 2026 WL 847584 (S.D. Ind. Mar. 26, 2026) (attached as <u>Exhibit B</u>; *see also Richards v. Fashion Nova, LLC*, No. 1:25-CV-01145-TWP-MKK, 2026 WL 847568, at *1 (S.D. Ind. Mar. 26, 2026) (attached as <u>Exhibit C</u>). Both decisions involve the same analysis of, and reached the same conclusion regarding, the issue at hand here.[1]

---

[1] Because both decisions were issued by the same court, this notice will discuss in detail just one of the decisions.

6.      The court evaluated the same arguments presented here. <u>First</u>, the court determined: "A plain reading of § 227(c)(5) therefore supports Defendant's position that under a plain reading of § 227(c)(5), 'telephone call' does not mean text messages." *Fashion Nova*, 2026 WL 847568, at *2. <u>Second</u>, the court noted the key distinction between the two modes of communication: "[m]ost notably, telephone calls involve the use of sounds and a voice. . . . And a text message does not require that a person pick up a call, listen to a voice, or tie up their phone's line." *Id.* at *3. <u>Third</u>, the court found persuasive the distinction the statute itself draws between "telephone calls" on the one hand and "messages" on the other in the definition of a "telephone solicitation." *Id.* <u>Fourth</u>, the court rejected the plaintiff's reliance on and citation to the term "call" in 47 U.S.C. § 227(b). <u>Fifth</u>, the court found persuasive the distinction drawn in 47 U.S.C. § 227(e) between "text messages" and "calls," rejecting the very arguments made by Plaintiff here in her brief and at oral argument. *Id.* at *4. And <u>sixth</u>, the court rejected the plaintiff's reliance on the views of the FCC and policy arguments—the very arguments advanced by Plaintiff at oral argument here. *Id.*

7.      This Court should follow the logic and analysis of these decisions, in addition to those decisions cited by OrthoTech in its papers and at oral argument.

DATED:  April 3, 2026

Respectfully submitted,

_____
Joseph R. Farris, OBA #2835
FRANDEN | FARRIS | QUILLIN
  GOODNIGHT | ROBERTS + WARD
Two West 2nd Street, Suite 900
Tulsa, OK  74103
(918) 583-7129
Fax: (918) 584-3814
jfarris@tulsalawyer.com

Mark S. Eisen, Esq.
(to be admitted *pro hac vice*)
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192
meisen@beneschlaw.com
*Attorneys for Defendant OrthoTech, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Matthew D. Alison
223 S. Detroit Ave., Suite 200
Tulsa, OK  74120

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA  02043

_____
Joseph R. Farris

4