**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AMBER FERRELL, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. 6:25-cv-00330-JAR |
| ORTHOTECH, LLC., | ) ) ) | |
| Defendants. | ) | |

**ORTHOTECH, LLC'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

1.      Defendant OrthoTech, LLC ("OrthoTech") respectfully provides notice of ta recent decision bearing on OrthoTech's Motion to Dismiss. (Dkt. 22.)

2.      Specifically, in its Motion to Dismiss, OrthoTech sought dismissal of Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227(c)(5) on the basis that Subsection 227(c)(5) applies only to *telephone calls* and does not apply to *text messages*. The focal point of the Parties' March 26, 2026 oral argument was the conflicting case law developing on this issue.

3.      On March 31, 2026, a Middle District of Florida court issued a decision in the matter *James v. Smarter Contact, Inc.*, -- F. Supp. 3d --, 2026 WL 879244, at *1 (M.D. Fla. Mar. 31, 2026) (attached as Exhibit A). The court engaged in a thorough and instructive analysis of the issue at hand at the 12(b)(6) stage. The court began with a plain language analysis: "The ordinary public meaning of "telephone call" in 1991 did not include or embrace a modern text message." *Id.* at *3.

1

4.      Critically, the court also evaluated the same definition of "call" utilized by Plaintiff here and noticed a key deficiency—the same definition used by Plaintiff was the verb form of "call" and not the noun, which is used in the statute. *See id.* ("In Section 227(c)(5), "call" is used as a noun, *see id*. ("received more than one telephone call"). Nonetheless, James and other courts rely on the arguably more expansive definition of the verb 'call.'"). The court further noted that this error was compounded "by neglecting to consider the modifying effect on "call" from "telephone" as understood in 1991." *Id.* at *4 (identifying cases making this mistake). The court was also persuaded "[t]hat Section 227(c)(5)'s 'telephone call' does not include text messages is further confirmed by the addition of 'text message' or 'text messaging service' elsewhere in the TCPA through later amendments to the statute." *Id.*

5.      The court, in turn, disregarded the plaintiff's arguments, including Congress had intended to somehow retain the FCC's interpretation of "call." *Id*. at *5. The court also disregarded the argument that the term "call" in Section 227(b) impacted the analysis at all, or that the TCPA should be liberally construed. *Id.*

6.      This Court should follow the logic and analysis of these decisions, in addition to those decisions cited by OrthoTech in its papers and at oral argument.

DATED:  April 9, 2026

Respectfully submitted,

Joseph R. Farris, OBA #2835
FRANDEN | FARRIS | QUILLIN
   GOODNIGHT | ROBERTS + WARD
Two West 2nd Street, Suite 900

2

Tulsa, OK  74103
(918) 583-7129
Fax: (918) 584-3814
jfarris@tulsalawyer.com

Mark S. Eisen, Esq.
(admitted *pro hac vice*)
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192
meisen@beneschlaw.com

*Attorneys for Defendant OrthoTech, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Matthew D. Alison
223 S. Detroit Ave., Suite 200
Tulsa, OK  74120

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA  02043

Jessica Garland
2001 K Street NW
Suite 850 North
Washington, DC 20006

Joseph R. Farris

3