**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AMBER FERRELL, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 6:25-cv-00330-JAR |
| ORTHOTECH, LLC., | ) ) ) | |
| Defendants. | ) | |

**ORTHOTECH, LLC'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

1.     Defendant OrthoTech, LLC ("OrthoTech") respectfully provides notice of the recent decision bearing on OrthoTech's Motion to Dismiss. (Dkt. 22.)

2.     Specifically, in its Motion to Dismiss, OrthoTech sought dismissal of Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227(c)(5) on the basis that Section 227(c)(5) applies only to *telephone calls* and does not apply to *text messages*. The focal point of the Parties' March 26, 2026 oral argument was the conflicting case law developing on this issue.

3.     On July 14, 2026, the Seventh Circuit Court of Appeals issued its decision in *Steidinger v. Blackstone Medical Services*, No. 25-2398 (7th Cir. July 14, 2026), evaluating the very issue of the applicability of Section 227(c)(5) to text messages. (*See* Exhibit A.) In short, the Seventh Circuit held that "§ 227(c)(5) **does not** permit plaintiffs to sue for the receipt of unwanted texts . . . ." Ex. A at 2 (emphasis added).

1

4.    The Seventh Circuit first evaluated dictionary definitions, determining that "in 1991, a 'telephone call' referred to communication via sound." *Id.* at 4. The Court next engaged in a thorough statutory review, determining that the surrounding provisions made clear that the term "telephone call" did not encompass text messages. *Id.* at 5-7.

5.    The Court next analyzed and distinguished a variety of earlier decisions, as well as FCC interpretations. *Id.* at 7-11.

6.    The Court, finally, determined that Section 227(b) did not bear on the inquiry or the interpretation of Section 227(c)(5), and disregarded policy arguments for a more expansive interpretation. *Id.* at 11-12.

7.    The Court thus affirmed the trial court's conclusion that text messages "do not fall within the private right of action created by § 227(c)(5)." *Id.* at 12.

8.    This decision presents a thorough, Circuit analysis of the issue presented here, and is highly persuasive. This Court should follow the logic and analysis of this case, in addition to those decisions cited by OrthoTech in its papers and at oral argument.

DATED:  July 15, 2026                          Respectfully submitted,


_____
Joseph R. Farris, OBA #2835
**FRANDEN | FARRIS | QUILLIN**
**GOODNIGHT | ROBERTS +WARD**
2 W SECOND ST STE 900
TULSA, OK 74103-4509
918-583-7129
Fax: 918-584-3814
Email: jfarris@tulsalawyer.com

Mark S. Eisen, Esq.

2

(admitted *pro hac vice*)
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, Illinois  60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192
meisen@beneschlaw.com
***Attorneys for Defendant OrthoTech, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the ECF registered participants.

_____
Joseph R. Farris

3